**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL STOKES,

    Petitioner,                                Civil No. 2:07-CV-11341
                                                  HONORABLE ARTHUR J. TARNOW
v.                                                  UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Michael Stokes, ("Petitioner"), presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84; and being an habitual offender, M.C.L.A. 769.12. Respondent has filed an answer to the petition for writ of habeas corpus and petitioner has filed a reply to the answer.

For the reasons stated below, in *lieu* of adjudicating the merits of the petition, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust additional claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

*Stokes v. Wolfenbarger,* 07-11431

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Stokes,* No. 258928 (Mich.Ct.App. April 25, 2006); *lv. den.* 476 Mich. 868; 720 N.W. 2d 314 (2006).

On March 7, 2007, petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the four grounds that he raised in the Michigan courts:

> I. There was constitutionally insufficient evidence admitted at trial to justify consideration of assault with intent to murder charges.
>
> II. Petitioner's trial was rendered unfair by the omission of a necessary jury instruction regarding the reliability of the victim's testimony.
>
> III. Petitioner's trial was rendered unfair by the omission of a necessary jury instruction regarding self-defense.
>
> IV. There was constitutionally insufficient evidence admitted at trial to support Petitioner's conviction.

## II. Discussion

Respondent has asked that the petition for writ of habeas corpus be denied. Respondent first argues that petitioner's first, third, and fourth claims are without merit. In particular, with respect to the third claim, respondent contends that petitioner was not entitled to an instruction on self-defense, because no evidence regarding self-defense was presented at trial to justify the giving of such an instruction. Respondent further contends that petitioner's second claim is procedurally defaulted, because the defense never requested such a cautionary instruction and expressed satisfaction with the instructions as given.

2

*Stokes v. Wolfenbarger,* 07-11431

In reviewing the trial court record to determine the validity of petitioner's claims, as well as the affirmative defenses raised by respondent, this Court became aware of a fact that was not brought to its attention by either party, or noted by the Michigan Court of Appeals in their opinion, namely, that petitioner represented himself at trial, after expressing dissatisfaction on the first day of trial with his trial counsel's representation.

On the first morning of trial, defense counsel informed the trial court judge that when he had visited petitioner in jail a few days prior to trial, petitioner gave him a list of questions that he wanted counsel to ask the witnesses, as well as a proposed closing argument. Counsel informed the judge that petitioner was upset because counsel told him that he would not be limited by petitioner's proposed questions or arguments. Counsel informed the judge that petitioner either wanted a new lawyer or wanted to represent himself. (Trial Tr., 10/12/2004, pp. 4-5). After hearing some comments by the prosecutor, the trial court judge indicated that: "In terms of appointing a new attorney, we're not going to do that at this point." (*Id.* at p. 6). The judge asked petitioner if he understood that he had a right to an attorney. In response, petitioner began complaining that his defense counsel hadn't discussed anything when he visited petitioner in jail. Petitioner further complained that counsel did not appear to have a "game plan", which was the reason that petitioner gave him some questions to ask. Petitioner further appeared to complain that his counsel did not challenge the decision to bind petitioner over for trial. Petitioner also complained that his counsel had tried that morning to get him to proceed with a bench trial, as opposed to a trial by jury. Petitioner asked the judge to review the questions that he wanted his attorney to ask. The judge

indicated that it would look into the matter in chambers. The judge asked the prosecutor and defense counsel to come into chambers with him to review the questions that petitioner wanted to have asked. (*Id.* at pp. 7-10).

After a recess, the judge again advised petitioner that he had a right to counsel. However, when petitioner again indicated his dissatisfaction with counsel's decision not to ask any of the questions suggested by petitioner, the judge informed petitioner that counsel would not ask these questions. The judge did not elaborate as to why counsel would not ask these questions, nor did the judge ever make a record of what was discussed between himself, the prosecutor and defense counsel in chambers concerning petitioner's complaints about his counsel's performance. Instead, the judge admonished petitioner that this was not "the flavor of the week, that you can pick your lawyer." At this point, petitioner indicated that he would represent himself. (*Id.* at p. at 11). The judge proceeded to advise petitioner of the dangers of self-representation. (*Id.* at pp. 11-18). However, when asked again whether he wanted to represent himself, petitioner informed the judge :"Well, I feel that I don't have a choice, your Honor." Petitioner again informed the judge that he and his counsel never had any time to talk and at no point did counsel discuss any defenses with him. (*Id.* at p. 19). The judge never made any findings regarding petitioner's complaints about counsel. The judge did permit petitioner's attorney to remain as standby counsel and actually allowed him to conduct the *voir dire*. (*Id.* at pp. 15-16, 21).

The U.S. Supreme Court has held that a waiver of the Sixth Amendment right to counsel is valid only when it reflects "an intentional relinquishment or abandonment of a

known right or privilege." *Patterson v. Illinois*, 487 U.S. 285, 292 (1988)(*quoting Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). In other words, the accused must "know what he is doing" so that "his choice is made with eyes open." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942).

A trial court's determination as to the propriety of a defendant's waiver of his Sixth Amendment right to counsel should appear on the record. *See Fowler v. Collins*, 253 F.3d 244, 249 (6th Cir. 2001)(*citing Johnson*, 304 U.S. at 465). "On habeas review, the court must indulge every reasonable presumption against waiver of an individual's fundamental constitutional rights." *Id.* Additionally, a court, in order to decide if a waiver of counsel was valid, must look to see if the defendant made the choice with open eyes, or proceeded *pro se* because he felt he had no other choice. *See United States v. Calabro*, 467 F.2d 973, 985 (2nd Cir.1972).

When a criminal defendant moves for replacement counsel and is told that he must choose between his current counsel and proceeding *pro se*, his waiver of right to counsel may not be voluntary, depending on the circumstances. *See U.S. v. Patterson,* 140 F.3d 767, 776 (8th Cir. 1998); *See also Gilbert v. Lockhart*, 930 F.2d 1356, 1360 (8th Cir. 1991). A criminal defendant's request to be relieved of counsel in the form of a general statement of dissatisfaction with his attorney's work does not amount to an invocation of the right to represent oneself, especially when made on the morning of trial. *See Moreno v. Estelle,* 717 F.2d 171, 176 (5th Cir. 1983); *See also Sawicki v. Johnson,* 475 F. 2d 183, 184-85 (6th Cir. 1973)(defendant who, in notice of dismissal, complained of inadequate representation by appointed counsel and was advised,

5

without investigation, that other counsel would not be appointed, was entitled to federal habeas corpus hearing on allegations of denial of representation). In particular, a defendant's waiver of the right to counsel may not be clear and unequivocal in situations like this where the trial court indicates at the outset that it will not appoint new counsel and merely advises the defendant about his desire and ability to represent himself. *See U.S. v. Jones,* 452 F.3d 223, 230 (3rd Cir. 2006). From a cursory review of the transcripts, it does not appear that petitioner's waiver of the right to counsel and to represent himself was clear and unequivocal.

Moreover, this case "unfortunately demonstrates the many fair-trial problems that may arise from forced self-representation." *Young v. Lockhart,* 892 F. 2d 1348, 1352 (8th Cir. 1989). Although the Michigan Court of Appeals rejected petitioner's second claim on the ground that a cautionary instruction was never requested, petitioner as a layperson may not have known that it is the responsibility of counsel to ask the court to give certain instructions. Likewise, petitioner may not have known that it was important for him to present evidence of self-defense through his testimony or the testimony of other witnesses in order for an instruction on self-defense to be given, rather than to merely argue in closing argument that he had acted in self-defense.

In the present case, petitioner has never presented any claim to the state courts which challenges the validity of the waiver of his right to counsel or that his decision to represent himself may have been forced upon him when the trial court refused at the outset to even consider petitioner's request for a new attorney. Because of the substantial liberty interests at stake in this case, as well as the potential that petitioner's

waiver of his right to counsel may have been invalid, this Court feels compelled to raise *sua sponte* the invalid waiver of counsel claim on behalf of petitioner. *See e.g. Saba v. I.N.S.,* 52 F. Supp. 2d 1117, 1124 (N.D. Cal. 1999); *See also Ballinger v. Stovall*, 2007 WL 3408582, *2 (E.D. Mich. November 15, 2007).

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001).

The Court will hold the petition in abeyance while petitioner returns to the state courts to exhaust any claims which challenge the validity of his waiver of the right to counsel. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance for 60 days and will allow petitioner to return to the state courts to seek post-conviction relief,

in which case the Court will hold the present petition in abeyance. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Id.;Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003). [1]

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III.  ORDER

Accordingly, it is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

---

[1]  This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 Fed. Appx. 414, 422, n. 7 (6th Cir. 2005).

*Stokes v. Wolfenbarger,* 07-11431

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim or claims. The petitioner shall re-file a habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: February 20, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 20, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

9