UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL STOKES,

    Petitioner,                                        Civil No. 2:07-CV-11341
                                                                    HONORABLE ARTHUR J. TARNOW
v.                                                       UNITED STATES DISTRICT JUDGE

DEBRA SCUTT,

    Respondent,
_____/

## OPINION AND ORDER GRANTING A STAY OF THE WRIT OF HABEAS CORPUS PENDING APPEAL

This matter is before the Court on respondent's motion for a stay pending the appeal of the Court's decision to grant habeas relief to the petitioner. For the reasons stated below, the motion for a stay is **GRANTED.**

On November 4, 2011, this Court granted petitioner a conditional writ of habeas corpus, finding that petitioner did not knowingly and intelligently waive his Sixth Amendment right to be represented by counsel at his trial. The Court ordered that petitioner be afforded a new trial with the assistance of counsel within 90 days or an unconditional writ would issue. *See Stokes v. Scutt,* ---- F. Supp. 2d----*;* No. 2011 WL 5250848 (E.D. Mich. November 4, 2011).

Respondent has now filed a notice of appeal from the Court's order granting habeas relief. Respondent has also filed a motion for a stay pending appeal.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an

*Stokes v. Scutt,* U.S.D.C. 2:07-CV-11341

appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

> The factors regulating the issuance of a stay are:
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.
>
> *Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to grant a stay, a federal court may also consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal ...; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Hilton,* 481 U.S. at 777.

Although this Court disagrees with respondent's contention that he has made a strong showing that he is likely to succeed on the merits of the case on appeal, the Court will grant respondent a stay pending appeal. In the present case, petitioner was sentenced on October 27, 2004 to ten to twenty years in prison. Petitioner's earliest release date would be June 30, 2014 and his maximum out date would be June 30,

*Stokes v. Scutt,* U.S.D.C. 2:07-CV-11341 2024.[1]  Although petitioner may suffer injury from his continued confinement pursuant to a conviction that this Court has found to be constitutionally infirm, "it would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to grant relief to Petitioner." *See Williams v. Booker,* 715 F. Supp. 2d 756, 770 (E.D. Mich. 2010).  Accordingly, the Court will grant respondent's motion for stay pending appeal.

## ORDER

**IT IS ORDERED THAT Respondent's Motion for a Stay Pending Appeal [Dkt. # 40] is GRANTED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: November 23, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 23, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

---

[1] This Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).