UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL STOKES,

    Petitioner,

v.

RANDALL HAAS,

    Respondent,

_____/

Civil No. 2:07-CV-11341
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER ON REMAND DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

Michael Stokes, ("Petitioner"), presently confined at the Cotton Correctional Facility in Jackson, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his application, filed *pro se*, petitioner challenges his conviction for assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84; and being an habitual offender, M.C.L.A. 769.12. This matter is on remand from the United States Court of Appeals for the Sixth Circuit following the reversal of the issuance of a conditional writ by this Court. For the

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Macomb Correctional Facility, but has since been transferred several times, most recently to the Cotton Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Randall Haas in the caption.

*Stokes v. Haas,* 2:07-CV-11341

reasons that follow, the petition for writ of habeas corpus is DENIED.

## I. Background

Petitioner was originally charged with assault with intent to commit murder. Following a jury trial in the Wayne County Circuit Court, in which petitioner represented himself with the assistance of standby counsel, petitioner was convicted of the lesser included offense of assault with intent to do great bodily harm less than murder.

The complainant testified that he had been drinking alcohol and consuming drugs with several people including petitioner on the day of the incident. (Tr. 10/12/04, p. 107). The complainant and petitioner went to the store and bought additional alcoholic beverages, which they took to a park and drank. (*Id.* at p. 108). After finishing the beverages, the complainant decided to leave. As he was leaving, petitioner asked him for money. (*Id.* at p. 110). The complainant informed petitioner that he did not have any more money and turned to leave. As he did so, the complainant felt a pinch in his back and petitioner grabbing him. (*Id.* at p. 112). The complainant turned towards petitioner and the men began to fight. As the complainant separated away from petitioner, he noticed that he was bleeding. (*Id.* at p. 116). Petitioner fled the scene, while the complainant walked to a nearby hospital, where he collapsed. The complainant was stabbed numerous times in the back, chest, and abdomen. One of the wounds

*Stokes v. Haas,* 2:07-CV-11341

eviscerated his bowel and another caused his lung to collapse. The complainant also suffered defensive wounds to his arms and wrists. (Tr. 10/13,2004, p. 66).

Petitioner's conviction was affirmed on appeal. *People v. Stokes,* No. 258928 (Mich.Ct.App. April 25, 2006); *lv. den.* 476 Mich. 868; 720 N.W. 2d 314 (2006).

Petitioner filed a petition for writ of habeas corpus, in which he sought habeas relief on the following four grounds:

> I. There was constitutionally insufficient evidence admitted at trial to justify consideration of assault with intent to murder charges.
>
> II. Petitioner's trial was rendered unfair by the omission of a necessary jury instruction regarding the reliability of the victim's testimony.
>
> III. Petitioner's trial was rendered unfair by the omission of a necessary jury instruction regarding self-defense.
>
> IV. There was constitutionally insufficient evidence admitted at trial to support Petitioner's conviction.

Respondent filed an answer to the petition for writ of habeas corpus.

In reviewing the trial court record to determine the validity of petitioner's claims, as well as the affirmative defenses raised by respondent, this Court became aware of a fact that was not brought to its attention by either litigant, or noted by the Michigan Court of Appeals in their opinion, namely, that petitioner represented himself at trial, after expressing dissatisfaction on the first day of trial with his trial counsel's representation. This Court entered an opinion and order

*Stokes v. Haas,* 2:07-CV-11341

holding the petition for writ of habeas corpus in abeyance to permit petitioner to return to the state courts to exhaust additional claims, specifically his claim that he did not knowingly and intelligently waive his right to counsel. The Court also administratively closed the case. *Stokes v. Wolfenbarger,* No. 2008 WL 495371 (E.D. Mich. February 20, 2008).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Stokes,* No. 04-07072-01 (Third Circuit Court, May 20, 2008). The Michigan appellate courts denied petitioner leave to appeal. *People v. Stokes,* No. 286305 (Mich.Ct.App. January 22, 2009); *lv. den.* 485 Mich. 883; 772 N.W. 2d 55 (2009).

On November 9, 2009, this Court granted petitioner's motion to reopen the habeas petition and also permitted him to amend his petition for writ of habeas corpus to add a claim that he did not knowingly and intelligently waive his Sixth Amendment right to trial counsel.

On November 4, 2011, this Court granted petitioner a conditional writ of habeas corpus, finding that petitioner did not knowingly and intelligently waive his Sixth Amendment right to be represented by counsel at his trial. The Court ordered that petitioner be afforded a new trial with the assistance of counsel within 90 days or an unconditional writ would issue. *See Stokes v. Scutt,* 821 F. Supp. 2d 898 (E.D. Mich. 2011). Because the Court granted habeas relief on this

*Stokes v. Haas,* 2:07-CV-11341

claim, the Court declined to address the merits of petitioner's remaining claims. *Id.*

On May 22, 2013, the Sixth Circuit reversed the Court's decision to grant a writ of habeas corpus, finding that petitioner's waiver of counsel claim was procedurally defaulted. The Sixth Circuit also remanded the matter to this Court for consideration of petitioner's remaining claims. *Stokes v. Scutt*, 527 Fed. Appx. 358 (6th Cir. 2013). The matter is now before this Court on remand to adjudicate petitioner's first four claims that he raised in his original habeas petition.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Stokes v. Haas,* 2:07-CV-11341

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct.

*Stokes v. Haas,* 2:07-CV-11341 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

### III. Discussion

**A. Claims # 1 and # 4. The sufficiency of evidence claims.**

The Court will consolidate petitioner's two sufficiency of evidence claims together for judicial clarity.

In his first claim, petitioner argues that the judge erred in denying his motion for a directed verdict on the original assault with intent to commit murder charge on the ground that there was insufficient evidence that petitioner had an intent to kill the victim so as to permit this charge to be submitted to the jury.

Petitioner is not entitled to habeas relief on his first claim because he was acquitted of the assault with intent to commit murder charge. "[C]learly established Supreme Court law provides that a defendant has a right not to be

7

*Stokes v. Haas,* 2:07-CV-11341

*convicted* except upon proof of every element of a crime beyond a reasonable doubt; the Supreme Court has never held that the submission of a charge, upon which there is insufficient evidence, violates a defendant's constitutional rights where the defendant is acquitted of that charge." *Long v. Stovall*, 450 F. Supp. 2d 746, 752 (E.D. Mich. 2006)(quoting *Skrzycki v. Lafler*, 347 F. Supp.2d 448, 453 (E.D. Mich. 2004)(emphasis original)*; See also Aldrich v. Bock,* 327 F. Supp. 2d 743, 761-62 (E.D. Mich. 2004). A number of cases have held that the submission to a jury of a criminal charge constitutes harmless error where the habeas petitioner is acquitted of that charge. *Daniels v. Burke*, 83 F. 3d 760, 765, fn. 4 (6th Cir. 1996); *Long,* 450 F. Supp. 2d at 752; *Aldrich,* 327 F. Supp. 2d at 761; *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001); *But see Williams v. Jones*, 231 F. Supp. 2d 586, 593-94 (E.D.Mich. 2002)(finding this claim cognizable). In light of the fact that petitioner was acquitted of the assault with intent to commit murder charge and only found guilty of the lesser included offense of assault with intent to do great bodily harm less than murder, any error in submitting the assault with intent to commit murder charge to the jury would not entitle petitioner to habeas relief. *See King v. Trippett*, 27 Fed. Appx. 506, 510 (6th Cir. 2001)(petitioner who alleged that the trial court improperly refused to enter a directed verdict on his armed robbery charge, even though the jury subsequently acquitted him on that charge, failed to state a claim

*Stokes v. Haas,* 2:07-CV-11341

sufficient for habeas corpus relief).

In his fourth claim, petitioner contends that there was insufficient evidence to convict him of assault with intent to do great bodily harm less than murder.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an

9

*Stokes v. Haas,* 2:07-CV-11341

objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* For a federal habeas court reviewing the sufficiency of evidence for a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S.Ct. 2060, 2065 (2012).

Under Michigan law, the elements of assault with intent to do great bodily harm less than murder are: (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder. *Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing *People v. Mitchell,* 149 Mich. App. 36, 38; 385 N.W. 2d 717 (1986)). The term "intent to do great bodily harm less than murder" is defined as an intent to do serious injury of an aggravated nature. *Mitchell,* 149 Mich. App. at 39.

The evidence was sufficient for a rational trier of fact to conclude that petitioner intended to do great bodily harm to the complainant. The complainant testified that petitioner would not let him leave the park after he denied petitioner's request for money. The complaint was stabbed several times in the back, chest, and abdomen. One of the wounds eviscerated the complainant's

*Stokes v. Haas,* 2:07-CV-11341

bowel and another caused his lung to collapse. The complainant also suffered defensive wounds to his arms and wrists. The complainant testified that he was unarmed during the struggle. The multiple stab wounds to the victim, particularly to vital areas of his body, at a minimum established an intent to do great bodily harm on petitioner's part. *See e.g. People v. Rushlow,* 179 Mich. App. 172, 179; 445 N.W. 2d 222 (1989)(multiple stab wounds established, at a minimum, the defendant's intent to do great bodily harm, so as to support second-degree murder conviction). Petitioner is not entitled to habeas relief on his fourth claim.

**B.  Claims # 2 and # 3.  The jury instruction claims.**

The Court will consolidate petitioner's jury instruction claims together for judicial economy.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977). The challenged instruction must not judged in isolation but

11

*Stokes v. Haas,* 2:07-CV-11341

must be considered in the context of the entire jury charge. *Jones v. United States*, 527 U.S. 373, 391 (1999). Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009). It is not enough that there might be some "slight possibility" that the jury misapplied the instruction. *Id.* at 191. Federal habeas courts do not grant relief, as might a state appellate court, simply because a jury instruction may have been deficient in comparison to a model state instruction. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

In his second claim, petitioner contends that the judge erred in failing to *sua sponte* give the jurors a cautionary instruction to view the testimony of the complainant with caution because he was an admitted drug addict. The Michigan Court of Appeals rejected petitioner's claim:

> Generally, a trial court is not required to give sua sponte a limiting or cautionary instruction. Here, the jury was sufficiently instructed on its obligation to determine the credibility of a witness and the factors it should consider when doing so. The court properly instructed the jury that it must decide which witnesses to believe and that it does not have to accept or reject everything a witness says. The court instructed the jury to rely on its common sense when weighing the testimony of a witness. The court also listed for the jury numerous questions to consider when deciding if a witness is worthy of belief, such as the witness's ability to see and hear clearly, whether the witness was distracted and whether the witness seemed to have a good memory. Defendant did not request a cautionary instruction below, and he did not object to the jury instructions when they were

*Stokes v. Haas,* 2:07-CV-11341

given. The instructions the court gave were sufficient to adequately protect defendant's rights. Thus, it was not plain error for the trial court to not sua sponte give a cautionary instruction regarding the victim's testimony.

*Stokes,* Slip. Op. at * 1-2 (internal citations omitted).

The Sixth Circuit "has long recognized the importance of an addict-informant instruction in appropriate cases." *Scott v. Mitchell*, 209 F. 3d 854, 883 (6th Cir. 2000)(quoting *United States v. Brown*, 946 F. 2d 1191, 1195 (6th Cir.1991)). "However, there is no per se rule requiring such instructions to be given in all cases involving addict testimony; instead, 'the need for such an instruction depends on the circumstances of each case.'" *Id.* (quoting *Brown,* 946 F. 2d at 1195)). There is less need for a cautionary jury instruction about the credibility of an drug addict "where the jury is aware that the witness is an addict and where there was substantial corroboration for the witness's testimony." *U.S. v. Combs*, 369 F. 3d 925, 939 (6th Cir. 2004).

Petitioner is not entitled to habeas relief on his claim. The jury was aware that the complainant was a drug abuser. There was no indication from the record that the complainant's drug abuse effected his ability to testify or created a motive for him to testify falsely. The judge instructed the jurors on the factors that they needed to consider in judging the witnesses' credibility and motivation for testifying. The judge's failure to give the jurors a cautionary instruction on drug addicts' testimony thus did not deprive petitioner of a fair trial and does not

*Stokes v. Haas,* 2:07-CV-11341

entitle him to habeas relief. *Scott,* 209 F. 3d at 882-83. Petitioner is not entitled to habeas relief on his second claim.

In his third claim, petitioner contends that the trial judge erred in failing ot instruct the jury on the defense of self-defense. The Michigan Court of Appeals rejected petitioner's claim:

> The prosecution presented testimony that clearly showed that defendant was the initial aggressor in this situation and defendant offered no evidence to prove otherwise. Defendant attacked the victim when he denied defendant's request for money. The victim testified that when he turned his back to leave the park, he felt a pinch. When he turned around, defendant hit him. The victim also testified that he did not have a weapon when defendant attacked him, and defendant presented no evidence to contradict the victim's testimony. Moreover, no evidence was presented from which to infer that defendant had an honest and reasonable belief that he was in imminent danger of death or great bodily harm and that it was necessary for him to exercise deadly force. Consequently, the trial court's refusal to grant defendant's request for a self-defense instruction was proper.

*Stokes,* Slip. Op. at * 2.

A defendant in a criminal trial has the right to "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). "[A] necessary corollary of this holding is the rule that a defendant in a criminal trial has the right, under appropriate circumstances, to have the jury instructed on his or her defense, for the right to present a defense would be meaningless were a trial court completely free to ignore that defense when giving instructions." *See Taylor v. Withrow,* 288 F. 3d 846, 852 (6th Cir. 2002).

14

*Stokes v. Haas,* 2:07-CV-11341

A defendant is therefore entitled to a jury instruction as to any recognized defense for which there exists evidence sufficient for a reasonable juror to find in his or her favor. *Mathews v. United States*, 485 U.S. 58, 63 (1988). A state trial court's failure to instruct a jury on self-defense when the instruction has been requested and there is sufficient evidence to support such a charge violates a criminal defendant's rights under the Due Process Clause. *Taylor,* 288 F. 3d at 851.

Under Michigan law, one acts lawfully in self-defense if he or she honestly and reasonably believes that he or she is in danger of serious bodily harm or death, as judged by the circumstances as they appeared to the defendant at the time of the act. *Blanton v. Elo*, 186 F. 3d 712, 713, n. 1 (6th Cir. 1999)(citing to *People v. Heflin*, 434 Mich. 482; 456 N. W. 2d 10 (1990)). To be lawful self-defense, the evidence must show that: (1) the defendant honestly and reasonably believed that he was in danger; (2) the danger feared was death or serious bodily harm or imminent forcible sexual penetration; (3) the action taken appeared at the time to be immediately necessary; and (4) the defendant was not the initial aggressor. *See Johnigan v. Elo,* 207 F. Supp. 2d 599, 608-09 (E.D. Mich. 2002)(citing *People v. Barker*, 437 Mich. 161, 165; 468 N.W. 2d 492 (1991); *People v. Kemp*, 202 Mich. App. 318, 322; 508 N.W.2d 184 (1993); *People v. Deason*, 148 Mich. App. 27, 31; 384 N.W.2d 72 (1985)). Under

*Stokes v. Haas,* 2:07-CV-11341

Michigan law, a defendant is not entitled to use any more force than is necessary to defend himself. *Johnigan,* 207 F. Supp. 2d at 609 (citing *Kemp*, 202 Mich. App. at 322). "[T]he law of self-defense is based on necessity, and a killing or use of potentially lethal force will be condoned only when the killing or use of potentially lethal force was the only escape from death, serious bodily harm, or imminent forcible sexual penetration under the circumstances." *Johnigan,* 207 F. Supp. 2d at 609 (internal citation omitted).

The trial court's refusal to instruct the jury on the defense of self-defense did not deprive petitioner of a fair trial, because there was insufficient evidence presented at trial to support the giving of such an instruction. There was no evidence on the record that the complainant was armed with a weapon at the time of the assault or had otherwise threatened petitioner with death or serious bodily injury. Petitioner stabbed the complainant numerous times in the back, chest, and abdomen. One of the wounds eviscerated the complainant's bowel and another caused his lung to collapse. The complainant also suffered defensive wounds to his arms and wrists. The severity and number of the stab wounds inflicted shows that petitioner used excessive force in assaulting the victim. There was no evidence to show that the complainant had been armed with a weapon or had otherwise threatened petitioner with death or serious bodily injury, so as to support a self-defense claim.

*Stokes v. Haas,* 2:07-CV-11341

Because there was no evidence to support petitioner's self-defense claim, the trial court's failure to give an instruction on the defense of self-defense did not deprive petitioner of his constitutional right to due process. *Allen v. Morris,* 845 F. 2d 610, 616-17 (6th Cir. 1988); *Melchior v. Jago,* 723 F. 2d 486, 493-94 (6th Cir. 1983). The mere fact that petitioner argued self-defense in his closing argument would be insufficient to require a jury instruction on self-defense, because closing arguments are not evidence. A defense attorney's closing argument which suggests a defense does not support an instruction on that defense, in the absence of supporting evidence for that defense. Petitioner is not entitled to habeas relief on his third claim.

### C. A certificate of appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by

17

*Stokes v. Haas,* 2:07-CV-11341

demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma*

*Stokes v. Haas,* 2:07-CV-11341

*pauperis* on appeal. *Id.*

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Stokes is not entitled to federal-habeas relief on the claims presented in his petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be granted leave to appeal *in forma pauperis.*


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 9, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 9, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant